THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WESLEY GOODWIN, Appellant.— Defendant was convicted of the crime of robbery in the first degree and was sentenced to State prison for an indeterminate term of thirty to sixty years plus five to ten years additional for being armed. Judgment of conviction of the County Court of Kings county reversed on the law and the facts and a new trial ordered. We are of opinion that the identity of the appellant as one of the perpetrators of the crime was not established by the People beyond a reasonable doubt. Lazansky, P. J., Hagarty and Scudder, JJ., concur; Kapper and Davis, JJ., dissent and vote to affirm.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRED HALPIN, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Queens, unanimously affirmed. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Scudder and Davis, JJ.

WILLIAM J. RICE, Doing Business as PAINT-POINT PRODUCTS COMPANY, Respondent, v. HARRY SUSSMAN and Another, Doing Business as CARLTON PRODUCTS COMPANY, Appellants.— Judgment in favor of plaintiff in an action for wrongful conversion reversed on the law and the facts and a new trial granted, costs to appellants to abide the event, unless within ten days from the entry of the order herein respondent stipulate to reduce the amount of the judgment to $1,000 and costs, in which event the judgment is unanimously affirmed, without costs. The findings of fact and conclusions of law are modified accordingly. There is a suggestion that the accounts receivable had been transferred to a corporation. In that event there may be a conversion of those accounts receivable. For the purpose of producing proof thereon, the judgment is reversed unless the respondent stipulate as aforesaid. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur. Settle order on notice.